HARDER et al. v. UNITED STATES STEEL PILING CO.

(Circuit Court, N. D. Illinois, E. D. November 22, 1906.)

No. 27,851.

1. PATENTS—INVENTION—FEATURES NOT CLAIMED.

A patent for a metal piling made in interlocking sections cannot be sustained alone because the form of the sections and interlocking parts is such that they be rolled from steel, whereas those of the prior art, while similar in principle of operation, could not be so made, where the patent does not claim such advantage nor mention the material or method of making and the device has never been manufactured or entered into commercial use.

2. SAME—INFRINGEMENT—SHEET PILING.

The Harder patent, No. 771,426, for a sectional sheet piling construed, and, in view of its limitation by the prior art, held not infringed.

In Equity. On final hearing.

John G. Elliott, for complainant.
Thomas F. Sheridan, for defendant.

KOHLSAAT, Circuit Judge. Complainants file their bill to enjoin the infringement of claims 3 and 4 of patent No. 771,426, granted October 4, 1904, for improvements in sheet-piling used in the construction of cofferdams and other similar work. The claims in question are as follows:

"(3) A beam piling section, having a straight cross flange on one of its edges and a C-shaped flange on the other edge.

"(4) In a sheet-piling, a beam-section provided with a C-shaped flanged edge and a companion beam provided on its joining edge with a cross-flange engaging the recessed C edge."

The device consists of a beam in the nature of a T-beam, having a C-shaped flange on one edge and a straight cross flange on the other, both integral with the central or web portion of the beam. In practice, the beams are driven into the ground or other substance into which they are to be sunk, vertically. The next sheet or beam is then in like manner driven in in such a manner as that the straight cross flange shall telescope the C-flange of the beam first driven in, while the web of the beam slides down the opening between the points of the C. This process is repeated until the work is finished, the beams being locked together "so as to comparatively form a tight joint, and at the same time permit of the parts being assembled or separated with facility." "By means of this integral locking arrangement" it is set out in the specifications, "much valuable time, material, and expense is saved, as the use of all separate parts such as angle and Z irons are entirely dispensed with." For the complainants, it is insisted the patent creates a new art. For the defendant, it is claimed the alleged infringing device is but a summary of the prior art. The defendant's device differs from the patent in suit only in the shape of its cross and recess flanges which is practically that of a D and C connected thus: D—————C. This leaves a vacant space in the cross-flanged recess at the opposite side of the beam, as shown in the models, equal, substantially, to the dimensions of the cross-flange, thereby forming a much larger opening than that of the patent in suit.

In interlocking sheet-piling beam with bead-flange on one side and recess-flange on the other, both integral with the web, is not new. It is distinctly claimed and found in the devices of the Dodge patent, No. 103,028, granted May 17, 1870; the Behrend patent under which defendant claims to be operating, dated December 26, 1899, upon which complainant's original claim 1 was rejected; and Gregson's British patent, accepted September 20, 1890. All of these, however, call for flange and recess edges which fit snugly into each other, forming a dovetail, or tongue and groove joint. In the Behrend device, the tongue is recessed, so as to permit of the use of packing, "preferably," it is stated, "one which expands by the action of moisture upon it," thus making the joint tight. The others make no claim of this character; but it appears from the testimony of the experts that by the act of forcing the beam into the ground, earth, and other material is made to supplement the tongue, so as to make the joint tight.

There seems to be no difference between the device of the patent in suit and the prior art which calls for inventive genius, so far as the adjustment of the parts is concerned. The working principle of complainants' beam-piling is thoroughly anticipated. As above noted, the tongue of the Behrend device, and sometimes the groove, are recessed for packing purposes. Instead of the recess shown in the patent, defendant, now the owner of the Behrend patent, has removed approximately one-half of the tongue, and thereby secured what complainants call a "straight cross flange" tongue. This change, complainants insist, involves the difference between failure and success, because, until it was made, the Behrend device could not be rolled, but must be cast. It is in evidence, and must be apparent that sheet-piling, in order to

withstand the thrust of a pile-driver, must be wrought or rolled. Witnesses versed in the art of rolling, testify that none of the devices of the prior art above named, can be manufactured by rolling-mill processes, owing to their form; but that those of the parties hereto can be so manufactured. The claims of the Behrend patent call for steel, and rolled steel piling. The patent in suit makes no mention of the material of or method of making the piles. Generally speaking, these matters would not bear seriously upon the question of invention, especially when invention therefor is not claimed. Where, by reason of such a modification of a device, a commercial success has been attained, and injustice might arise by holding to the strict rule, a court might be disposed to consider it persuasive evidence of invention. Here, however, it appears that the device of the patent in suit has never been manufactured or entered into commercial use. The court cannot rest entirely upon the question thus raised. With other evidential facts, it might be potential; alone, it cannot avail. Whatever of patentable improvement over the prior art there is in complainant's device must be found in elements which do not exist in defendant's piling, and the injunction must be denied.

The bill is dismissed for want of equity.